IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**HARRY A. HINTSALA,**

        Defendant.

Case No. 3:11-cr-00413-MO-1

OPINION AND ORDER

**MOSMAN, J.,**

Defendant, Harry Hintsala, filed a Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF 48]. The United States responded. Gov't. Resp. [ECF 74]. For reasons explained below, Mr. Hintsala's § 2255 motion is DENIED for failing to state a claim.

## BACKGROUND

Mr. Hintsala was found guilty of five counts of Abusive Sexual Contact, following a stipulated facts trial on May 9, 2012. Verdict [ECF 36] at 1; Min. of Proceedings [ECF 37]. I sentenced him to twenty-four months in prison on each count, consecutively, for a total of 120 months—10 years—in prison. J. & Commitment [ECF 42] at 2. That judgment was entered on June 29, 2012.

Mr. Hintsala did not file any other substantive pleadings following his conviction until June 26, 2019, when he filed the § 2255 motion at issue here. Def.'s Mot. [48]. This filing comes seven years after Mr. Hintsala's conviction was entered. In it, he asserts four claims for relief:

1 – OPINION AND ORDER

actual innocence, ineffective assistance of counsel, prosecutorial misconduct, and judicial bias. Def.'s Mot. [48] at 5-9.[1] As explained below, none of Mr. Hintsala's claims provide grounds for relief under § 2255.

## LEGAL STANDARD

A person in custody under federal law may move to have his sentence vacated on one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A prisoner may bring a claim asserting ineffective assistance of counsel under the Sixth Amendment for the first time on a § 2255 motion to vacate. *U.S. v. Span*, 75 F.3d 1383, 1386-87 (9th Cir. 1996).

## DISCUSSION

### I. Waiver of Collateral Attack

Mr. Hintsala was convicted following a stipulated facts trial, which required him to sign a Sentencing Agreement ("the Agreement"). [ECF 35]. In the Agreement, Mr. Hintsala waived "the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel." Sentencing Agreement [35] at 4. Three of Mr. Hintsala's claims for relief in this petition are barred by the Agreement—actual innocence, prosecutorial misconduct, and judicial bias. Mr. Hintsala does not explain why his waiver would not bar these claims, and a knowing and voluntary waiver of the right to appeal is enforceable. *See U.S. v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). I therefore hold that, as an initial matter, Mr. Hintsala relinquished

---

[1] Unless otherwise stated, all page numbers cited in Defendant's Motion [48] refer to the ECF page numbers, not the internal document page numbers.

his right to bring claims alleging prosecutorial misconduct and judicial bias, and those claims are DISMISSED without further discussion.

Arguably, Mr. Hintsala also waived his right to bring his claim for actual innocence, but I will consider that claim on its merits, at least to a limited extent. A claim of actual innocence is treated as somewhat distinct from other claims that may be brought on collateral attack. *Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). Additionally, in this case, Mr. Hintsala asserts an actual innocence claim as grounds to excuse his procedural default in bringing this petition more than one year after his conviction was final. I therefore consider the claim, at least for that limited purpose.

## II. Statute of Limitations

A defendant seeking relief under § 2255 must file his petition within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). If a defendant does not seek direct appeal, a judgment of conviction becomes final once the deadline for filing a notice of appeal has expired. *U.S. v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015). Here, the court entered Mr. Hintsala's judgment on June 29, 2012. J. & Commitment [42]. Mr. Hintsala then had 14 days to file a notice of appeal, which means that his judgment of conviction was final on July 15, 2012. Fed. R. App. P. 4(b)(1)(A). His § 2255 petition is therefore in default of the statute of limitations by approximately seven years. Def.'s Mot. [48] at 1 ("Filed 6/26/19").

Mr. Hintsala provides two reasons why this court should excuse his default. First, he argues that his actual innocence provides him grounds for relief. Def.'s Mot. [48] at 34. Second, he argues that his defense attorney's ineffective assistance provides grounds for tolling the

statute of limitations. *Id.* at 35. For the reasons provided below, I hold that neither of these reasons provides grounds to excuse Mr. Hintsala's procedural default, and I DISMISS the entirety of his § 2255 petition accordingly.

### A. Actual Innocence

Aside from the date on which the conviction becomes final, § 2255 provides three other events that could trigger the start of the statute of limitations: (1) the date on which an unlawful government impediment to the motion has been removed; (2) the date on which a constitutional right becomes applicable to a defendant's case; and (3) the date on which "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(2-4). Only the third—the discovery of new facts to support a claim—is applicable to Mr. Hintsala's claim of actual innocence. Further, in order to prevail, Mr. Hinstala must allege facts that, if proven, would entitle him to relief. *Quezada v. Scribner*, 611 F.3d 1165, 1166 (9th Cir. 2010).

To that point, new evidence would be necessary for Mr. Hinstala to bring a meritorious claim of actual innocence even if § 2255(f)(4) did not require it. To prove a claim of actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. The inquiry, then, is whether Mr. Hintsala has proffered new evidence that was not presented at trial, that could not have been discovered through the exercise of due diligence more than one year ago, and that, if proven, would entitle him to relief under *Schlup*.

Mr. Hinstala has presented or referenced the following evidence: (1) statements made by the victims during forensic interviews and medical examinations, (2) a statement by Mr. Hintsala that "it didn't happen," (3) incident reports from the tribal court investigation, which began in 2009, and preceded the federal investigation, and (4) statements from parents and others that allege that the mother of one victim had encouraged her daughter to lie about the abuse in order to change a civil custody agreement. Def.'s Mot. [48] at 5, 11-12. Additionally, Mr. Hintsala has filed a Motion to Compel Discovery that seeks a variety of evidence that includes grand jury minutes, *Brady* material, and records of Mr. Hintsala's own statements. Mot. to Compel [ECF 71] at 1.

None of this evidence is "new" evidence. Any records found in the tribal court investigation file would have been available at the time of trial, as that investigation predated the federal prosecution, and Mr. Hintsala does not allege that those documents were not available. The victim statements he refers to were also available at the time of trial. The same is true for grand jury minutes, *Brady* material, and other investigatory materials. Mr. Hintsala has not pointed to any new evidence that could not have been discovered through due diligence prior to the year preceding the filing of his § 2255 motion. He also does not explain why, even if this evidence were somehow not available at trial, he could not have obtained it until this past year. The fact that he chose to seek it now is not enough. It does not matter that Mr. Hintsala may not have known the exact contents of these investigative materials or that he did not previously understand their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.") (citation omitted).

Not only has Mr. Hintsala not presented any new evidence, but he has not presented evidence that would render it "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. He therefore would not be entitled to relief on his claim of actual innocence, as required by the Ninth Circuit in *Quezada*.

Mr. Hintsala's actual innocence claim therefore does not meet the criteria required to toll the statute of limitations. I therefore DENY his claim for relief on this ground.

### B. Ineffective Assistance of Trial Counsel

Mr. Hintsala also presents an argument that the statute of limitations should be tolled in his case because he received constitutionally ineffective assistance of counsel. Def.'s Mot. [48] at 35. Mr. Hintsala is correct, broadly, that ineffective assistance may be grounds to justify equitable tolling of the § 2255 statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that the statutes of limitations imposed by AEDPA[2] are subject to equitable tolling principles, including for reasons of ineffective assistance of counsel). However, the cases he cites for this proposition consider circumstances in which petitioners' *post-conviction* counsel provided ineffective assistance. *See, e.g., Holland*, 560 U.S. at 635-36; *Maples v. Thomas*, 565 U.S. 266, 270-71 (2012).

In contrast, Mr. Hintsala argues that the statute of limitations in his case should be tolled because his *trial* counsel provided ineffective assistance. Def.'s Mot. [48] at 35. But there is no reason why this would be so. Whether Mr. Hintsala's trial counsel failed to investigate, failed to request discovery materials, or encouraged him to agree to a stipulated facts trial, among other

---

[2]   The Anti-Terrorism and Effective Death Penalty Act. AEDPA imposes a statute of limitations for postconviction claims brought by both state and federal prisoners. 28 U.S.C. §§ 2254, 2255.

allegations, is not relevant to the inquiry here—why Mr. Hintsala did not file a § 2255 petition until seven years after his conviction. *Id.* at 39-49 (detailing the allegations against Mr. Hintsala's trial attorney). There is no causal link between trial counsel's alleged conduct and Mr. Hintsala's procedural default, and that conduct cannot provide grounds for equitable tolling.

To the extent that Mr. Hintsala does allege ineffective assistance as it pertains to his post-conviction proceedings, the record is limited on that point. Mr. Hintsala states that he contacted the Federal Public Defender's Office in November 2015 in an effort to pursue a direct appeal from his conviction. Def.'s Mot. [48] at 38. Federal Defender Lisa Hay responded to Mr. Hintsala via email and explained that his trial counsel had left Ms. Hay's office but that she would find an attorney to handle Mr. Hintsala's request for compassionate release. *Id.* She also noted that the statute of limitations had expired for Mr. Hintsala to file a § 2255 petition. *Id.* The federal defender's office ultimately declined to file an appeal on Mr. Hintsala's behalf, and he never received appointed counsel otherwise. *Id.* at 39.

None of this alleged conduct constitutes ineffective assistance of counsel. Ms. Hay correctly advised Mr. Hintsala that the statute of limitations had expired on any § 2255 petition without the addition of newly discovered evidence. Def.'s Mot. [48] at 38. This was correct, as discussed above. It was also proper for Ms. Hay's office to decline to pursue any direct appeal, as that deadline had also passed. Fed. R. App. P. 4(b)(1)(A). To prevail on a claim of ineffective assistance of counsel, a movant must show that (1) counsel's performance was "deficient" and (2) the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, nothing Mr. Hintsala has alleged amounts to deficient performance, and it does not meet the *Strickland* standard for ineffective assistance

Further, the equitable tolling doctrine is subject to a two-part test, which is relevant here. "[A] a 'petitioner' is 'entitled to equitable tolling' if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citations omitted). Even if Mr. Hintsala had alleged a valid claim for ineffective assistance of post-conviction counsel, he cannot meet the first prong of the *Holland* test because he has not exercised due diligence in pursuing his rights. As shown in his own petition, Mr. Hintsala did not even inquire about a direct appeal until November 2015, more than three years after his conviction had been entered. Def.'s Mot. [48] at 38. He did not seek the 2009 tribal investigation file until October 2018. *Id.* at 5. He has filed no motions, inquiries, petitions, or other communications with the court or the public defender's office, both according to the docket and according to Mr. Hintsala's motion. This is not a record that indicates diligent pursuit of Mr. Hintsala's rights. His petition therefore fails to meet the requirements for equitable tolling under *Holland*.

I hold that Mr. Hintsala's petition is time-barred, and he has not pleaded either statutory or equitable grounds to justify equitable tolling of the statute of limitations. I therefore DENY his motion.

//
//
//
//
//
//
//

## CONCLUSION

For the reasons stated above, Mr. Hintsala's Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255 [48] is DENIED. Mr. Hintsala's Motion to Compel Discovery [71] is DENIED as moot.

IT IS SO ORDERED.

DATED this 12 day of December, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge